*Bennington,*
*May,*
*1824.*

Brace
*vs*
Squire and
Robinson.

</div>

<div align="right">Rule made absolute.</div>

---

<div align="center">

LOWREY *vs.* HINE and GRIFFIN.

</div>

If a debtor be committed to gaol or an execution in favor of the Sheriff of the County, he is in the legal custody of the Sheriff, and a bond taken to the Sheriff for the admission of such debtor to the liberties of the prison is valid, and an action may be maintained on such bond in the name of the Sheriff.

THIS was an action of debt on a gaol bond, in which the plaintiff declared, that the plaintiff by the consideration of the County Court holden at Burlington within and for the County of Chittenden, recovered judgment in his favor against William Hine, of Colchester, in the County of Chittenden, for the sum of $127 27 damages, and for $13 22 costs of suit. That he took out an execution on said judgment, directed to the High Bailiff of the County of Chittenden, his Deputy, or either Constable of Colchester in said County to serve, &c. That he delivered said execution to Moses Bliss, High Bailiff of said County, who by virtue thereof, committed said William Hine to the common gaol in Burlington, &c. And Heman Lowrey (the plaintiff) then Sheriff of said County, being by virtue of his said office keeper in chief of said prison, afterwards, &c.—the said William Hine then imprisoned as aforesaid, for the cause aforesaid, in the custody of the said Sheriff, did admit to the liberties of the said gaol yard, and on that occasion, and to indemnify the said Sheriff against any escape, which the said William Hine might commit in the premises, the defendants on the day

<div align="right">

*Chittenden,*
January,
1824

</div>

*Chittenden,*
*January,*
*1824.*

*Lowrey*
*vs.*
*Hine and*
*Griffin.*

and year last aforesaid, &c. executed a bond to the said Sheriff, with a condition thereto annexed in legal form. The declaration then alleges the escape of the said Hine, and concludes in due form.

To this declaration the defendants demurred.

*Griswold* and *Follet* for the plaintiff.

*A. Foot* for the defendants.

AIKENS J. delivered the opinion of the Court.

It is objected by the defendants, that the plaintiff being the judgment creditor, and also Sheriff of the County and keeper in chief of said prison, he had no authority to take said bond, and that the same is void. But the argument of the plaintiff is deemed conclusive on this point. The law recognizes but one keeper in chief of the gaol, at one and the same time. The Sheriff was at the time Hine was committed, and at the time the bond was executed, the legal keeper of the prison; nor are his powers, as such, suspended by the statute in relation to his own debtors. If there is any evil to be apprehended from the exercise of these powers, in cases like the present, it is for the Legislature who conferred them, and not for this Court to remedy it.

It is also objected that the declaration does not state that the judgment therein mentioned, was rendered in an action of debt, covenant, contract or promise. That allegation is unnecessary since the passing of the act of the 22d of October, 1807, repealing the act of the 31st of January, 1804 ; that fact is to be presumed until the contrary appear. There must therefore be

Judgment for the plaintiff.